1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES O'NEAL BELVINS, JR.,                 No.  2:24-cv-00830-KJM-CKD (PS)

12              Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   TERA INVESTMENTS II, INC.,

15              Defendant.

16

17

18        Plaintiff James O'Neal Belvins, Jr., moves the court for default judgment against

19   defendant Tera Investments II, Inc. (ECF No. 9.) Defendant has neither appeared nor opposed the

20   motion. The matter was deemed appropriate for decision without oral argument. (ECF No. 10.)

21   The court lacks subject matter jurisdiction over plaintiff's complaint. Accordingly, the motion for

22   default judgment should be denied and the case should be dismissed.

23   **I.  BACKGROUND**

24        Plaintiff paid the court costs and initiated this action with a complaint on March 18, 2024.

25   (ECF No. 1.) Therein, plaintiff alleges he was assaulted by defendant's employee on December

26   11, 2023, and struck with a bat. (Id. at 1.) Plaintiff called the police, who arrested defendant's

27   employee. (See id. at 21.) The district attorney declined to file charges. (Id. at 1, 3.) On March 1,

28   2024, plaintiff received a letter from defendant denying wrongdoing. (Id.)

1

1    A return of service filed on March 28, 2024, indicates plaintiff sent defendant a copy of

2    the summons and complaint via certified mail on March 19, 2024, addressed to defendant's

3    registered agent, Peter Holtz, at 160 North Grant Avenue in Manteca, CA. (ECF No. 4.)[1]

4    **II. LEGAL STANDARDS**

5    Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

6    against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise

7    defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application

8    for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616

9    F.2d 1089, 1092 (9th Cir. 1980). Claims that are legally insufficient are not established by

10   default. Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Default

11   judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In

12   making the determination whether to grant a motion for default judgment, the court considers the

13   following factors:

14   
15   
16   
17
> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

18   Id. at 1471-72.

19   "Federal district courts are courts of limited jurisdiction, possessing only that power

20   authorized by Constitution and statute." K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d

21   1024, 1027 (9th Cir. 2011) (quotation omitted). "The party asserting federal jurisdiction bears the

22   burden of proving the case is properly in federal court." McCauley v. Ford Motor Co., 264 F.3d

23   952, 957 (9th Cir. 2001) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189

24   (1936)). A court may raise the question of subject-matter jurisdiction sua sponte, and it must

25   dismiss a case if it determines it lacks subject-matter jurisdiction. Id.; Fed. R. Civ. P. 12(h)(3).

26   
27   
28
---
[1] The return of service does not appear to establish that the requirements for service of a corporation under Rule 4 of the Federal Rules of Civil Procedure were met. However, the court need not determine whether the summons and complaint were properly served because the court lacks jurisdiction over the claims.

2

1    **III.  DISCUSSION**

2        Federal district courts "have original jurisdiction of all civil actions arising under the

3    Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also

4    have original jurisdiction over civil actions in diversity cases "where the matter in controversy

5    exceeds the sum or value of $75,000" and where the matter is between "citizens of different

6    States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the

7    plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess

8    Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

9        Plaintiff's allegations do not assert diversity jurisdiction. Plaintiff is a California resident,

10   and plaintiff's service of process documents indicate defendant is a California corporation. (See

11   ECF No. 4 at 4.) There is no plausible allegation the matter in controversy exceeds $75,000.

12       In addition, the complaint's allegations do not assert a violation of federal law or the U.S.

13   Constitution. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the following: (1)

14   defendant was acting under color of state law at the time the complained of act was committed;

15   and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

16   Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

17   (1988). Here, the complaint does not plausibly suggest that defendant or defendant's employee

18   acted under color of state law depriving plaintiff of a right protected by either the U.S.

19   Constitution or federal law. The facts alleged also do not demonstrate a close nexus between the

20   state and defendant or defendant's employee such that the alleged private conduct of defendant's

21   employee would constitute state action. See Sutton v. Providence St. Jospeh Med. Ctr., 192 F.3d

22   826, 836 (9th Cir. 1999). There is nothing alleged that would allow defendant's actions to be

23   "fairly attributable" to the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

24       In sum, plaintiff alleges an assault by a non-state actor. Plaintiff fails to establish the

25   court's jurisdiction. Instead, the allegations appear to assert a civil assault claim, which is not a

26   federal claim, but is, instead, a state common law tort.

27       The defects in the merits of plaintiff's substantive claim and the sufficiency of the

28   complaint prevent the court from granting the motion for default judgment. Because the court

lacks jurisdiction over plaintiff's complaint, the <u>Eitel</u> factors do not favor granting plaintiff's motion. See <u>Eitel</u>,782 F.2d at 1471-72. Instead, the court must dismiss the case. <u>See</u> Fed. R. Civ. P. 12(h)(3).

## IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, it is HEREBY RECOMMENDED as follows:

1. The motion for default judgment (ECF No. 9) be denied.

2. The case be dismissed for lack of subject matter jurisdiction. <u>See</u> Fed. R. Civ. P. 12(h)(3).

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 13, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
belv24cv830.mdj

4